## PATRICK BRENNAN *v.* JOHN P. HAFF.

The defendant's horse having been stolen, he offered a reward of fifty dollars for the detection of the thief. The plaintiff informed him that D. was the thief, and gave him some information tending to sustain this charge, and the defendant had D. arrested therefor.

*Held*, sufficient *prima facie* evidence to sustain a recovery for the amount of the reward, without showing D.'s conviction on the charge.

If D. had been acquitted, or released, or if the charge made against him was unfounded, it was incumbent on the defendant to show the fact, to rebut the presumption arising from the proof of such arrest of D. at the instigation of the plaintiff.

APPEAL by defendant from a judgment of the Seventh District Court. The defendant was the proprietor of the Elm Park Hotel. A horse belonging to him having been stolen from his barn, he caused the following advertisement for its recovery to be inserted in the New York Herald:

"$50 REWARD.—Stolen, from the barn of Elm Park Hotel, on the Bloomingdale Road, on the evening of October 22d, a bobtail gray mare, about fifteen hands high, together with harness and red blanket. Twenty-five dollars reward will be paid for her whereabouts, and fifty dollars will be paid for the detection of the thief. Ferry masters and livery stable keepers are requested to notice and give information. The above reward will be paid by

"JOHN P. HAFF,<br>"Proprietor of Elm Park Hotel."

This action was brought to recover $75, claimed for information given pursuant to this advertisement. It appeared that in consequence of the advertisement the plaintiff called upon the defendant, informed him where the horse, &c., was to be found, and told him that one Denman was the thief; that he saw him go down the Bloomingdale road with the horse. The defendant then said he should have the reward. His subsequent statement that he had got the horse, and had had Denman arrested, was also proved. It also appeared that he learned the whereabout of the horse from another source prior to the information derived from the plaintiff. The justice gave judgment for the plaintiff for $50, from which the defendant appealed.

*J. F. Malcolm*, for the appellant.

*A. C. Morris*, for the respondent.

DALY, J.—The judgment was right. The advertisement was headed, "$50 Reward," and then, after giving notice that the mare, a description of which was set forth, had been stolen, the advertisement specified that $25 reward would be paid "for her whereabout," and $50 for the detection of the thief. The justice would seem to have understood this as an offer of $25 for the discovery of the property, and $25 more for the detection of the thief; that is, $50 if both ends were attained. He gave judgment for $50, instead of the $75 claimed by the plaintiff; and, upon the evidence the plaintiff was entitled to recover that sum. It was shown that the plaintiff called upon the defendant on the morning upon which the advertisement appeared, and told him where the horse was, and that he saw a person named Denman, whom he believed to be the thief, and who appears to have been known to the defendant, going down the Bloomingdale road with the animal. Two days after, the defendant admitted that he had got the horse, and that he had had Denman arrested, which was sufficient *prima facie* to warrant the justice in concluding that the information furnished by the plaintiff had led to the discovery of the property and the detection of the thief. The plaintiff was not bound to show that Denman was convicted. He proved that he had been arrested at the instance of the defendant; that he was in custody upon the charge; and if Denman was innocent—if the charge against him was unfounded, and he had been released or acquitted—it was incumbent on the defendant to show it, or to remove the presumption created by the evidence, that the plaintiff had discovered or detected the thief. There was nothing to show any collusion between Denman and the plaintiff, or that he knew, when he saw Denman with the horse, that it had been stolen, or that he was apprised of the fact, or had any reason to suppose that a crime had been committed, before he saw the advertisement. The judgment should be affirmed.